FILED

11 FEB 22 PM 3:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JAMES CRAIG DARLING,

                         Petitioner,

     vs.

MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation,

                    Respondent.

CASE NO. 09cv817 BEN (JMA)

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

## INTRODUCTION

Petitioner James Craig Darling filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in San Diego Superior Court case number SCN178962. Magistrate Judge Jan M. Adler issued a thoughtful and thorough Report and Recommendation recommending that Petitioner's motions to stay be denied and that the Petition be denied. Dkt. No. 23. Petitioner filed objections. Dkt. No. 24. Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the petition is **DENIED**.

## BACKGROUND

The Court adopts the Report and Recommendation's recitation of the facts from the California Court of Appeal opinion.   Absent clear and convincing contrary evidence, the factual determinations of a state court are presumed correct on habeas review.  28 U.S.C. § 2254(e)(1). The following brief summary of facts is drawn from the Court of Appeal opinion.

09cv817

1    Petitioner lived in his van across the alley from Gary Murphy's house.  Gary Murphy's
2  son, Kyle, also lived in the Murphy house and used the garage as a bedroom.  During the early
3  hours of May 21, 2004, Gary and Kyle heard gun shots.  Gary went outside, heard an engine
4  noise, and saw Petitioner's van moving down the alley.  The van stopped in front of the
5  Murphy home.  Gary approached the van, heard Petitioner yell "In the house.  Stand down."
6  Gary continued to move towards the van, thinking Petitioner was yelling at someone else.
7  Petitioner fired two more shots at Murphy's house.

8    Petitioner claimed that he was awoken by gunshots, responded, and upon seeing a
9  muzzle flash, fired one shot into the gravel as he yelled for anyone inside the Murphy house
10  to stand down.  Petitioner claims he then left in search of a pay phone when he encountered
11  Deputy Sheriff James Kelly Anderson.

12    In responding to the call of shots fired, Anderson encountered Petitioner's van weaving
13  down the center of the road. Anderson stopped the van on suspicion of drunk driving.  During
14  Anderson's attempt to obtain Petitioner's license and registration, Petitioner raised his right
15  arm holding a Colt .45 and swung it towards Anderson.  Anderson retreated, firing multiple
16  rounds as he backed up. Petitioner drove away but was pursued and ultimately arrested. Police
17  found a loaded semiautomatic handgun in Petitioner's van. Ballistics confirmed a bullet fired
18  at the Murphy home was from Petitioner's gun.  Petitioner claims that he only raised his gun
19  for Anderson to see it  and that he fled to find a place where witnesses would be present.

20    Petitioner was found guilty in San Diego Superior Court of assault with a semi-
21  automatic firearm, shooting at an inhabited occupied structure, discharge of a firearm from a
22  motor vehicle, assault on a police officer with a semi-automatic firearm, and evading an officer
23  with reckless driving.  Petitioner was sentenced to 11 years.  The judgment was eventually
24  affirmed by the California Court of Appeal, Fourth District and the California Supreme Court
25  denied review.  Petitioner then filed a petition for writ of habeas corpus in the California
26  Supreme Court which was denied.

27  ///

28  ///

1    The current petition, filed pursuant to 28 U.S.C. § 2254, followed.  Respondent filed
2    an Answer.  Petitioner filed two motions for stay and abeyance and eventually filed an
3    untimely traverse the Magistrate Judge considered.

4                                          **DISCUSSION**

5    The Court need only conduct a de novo review of those issues to which Plaintiff objects.
6    *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert denied*, 540
7    U.S. 900 (2003) ("[t]he statute makes it clear that the district judge must review the magistrate
8    judge's findings and recommendations de novo *if objection is made*, but not otherwise."); *see*
9    *also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).  Petitioner objects to: (1) the
10   Report's finding that the evidence was sufficient to support Petitioner's conviction for assault
11   with a semi-automatic firearm on Kyle Murphy; (2) the Report's finding that the evidence was
12   sufficient to support Petitioner's conviction for assault with a semi-automatic firearm on
13   Deputy Anderson; and (3) the Report's finding that Petitioner made no showing that trial
14   counsel was objectively unreasonable for not introducing the Firearms Analysis Unit Report.

15   As accurately outlined in the Report, federal habeas relief may only be granted when
16   State court proceedings "resulted in a decision that was contrary to, or involved an
17   unreasonable application of, clearly established Federal law, as determined by the Supreme
18   Court of the United States; . . . or resulted in a decision that was based on an unreasonable
19   determination of the facts in light of the evidence presented in the State court proceeding." 28
20   U.S.C. § 2254(d).

21   **I.      Sufficiency of Evidence — Assault on Kyle Murphy**

22   Petitioner objects to the Report's summary of the testimony offered in Petitioner's trial
23   that the Report relies on to conclude that the evidence against him was sufficient to support his
24   conviction for assault with a semi-automatic firearm on Kyle Murphy.  Specifically, he objects
25   to the summary of Kerry Calver's, Gary Murphy's, and Deputy Sheriff Robert Stevenson's
26   testimony.

27   As to Calver's testimony, Petitioner objects to the Report's statement that Petitioner's
28   "van drove slowly near where Mr. Murphy, who lived next door, was standing."  However,

09cv817

1    Calver specifically stated that "it, [the van], slowly went further over towards Mr. Murphy."

2    As to Gary Murphy's testimony, Petitioner objects to the Report's statement that

3    "Petitioner then fired two shots toward Murphy's house." However, Murphy testified about

4    two shots being fired that he believed were fired by Petitioner.

5    As to Sheriff Stevenson's testimony, Petitioner objects to the Report's statement that

6    "[f]ive casings were recovered from the inside of Petitioner's van and were identified as

7    having been fired through Petitioner's pistol from inside the van." However, Stevenson

8    testified that five casings recovered from Petitioner's van were fired from Petitioner's gun and

9    that for the casings to end up inside the van, the shots would likely have been fired from inside

10   the van.

11   Petitioner's objection to the summary of the testimony in the Report is overruled

12   because the Report's summary is accurate. Additionally, the Court agrees with the Report's

13   finding that, based on the evidence presented at trial, a rational trier of fact could have found

14   that Petitioner committed assault with a semi-automatic firearm on Kyle Murphy, and

15   personally used a firearm in the commission thereof, beyond a reasonable doubt.

16   **II.    Sufficiency of Evidence — Assault on Deputy Anderson**

17   Petitioner objects to the Report's summary of testimony given in Petitioner's trial used

18   to conclude that the evidence against him was sufficient to support his conviction for assault

19   with a semi-automatic firearm on Anderson. Petitioner claims that, contrary to the Report's

20   summary, Anderson's testimony does not support an assault, an intent to assault, or the use of

21   a firearm. This Court disagrees. The summarized testimony accurately reflects that Petitioner:

22   did not comply with numerous orders from Anderson to put his right hand on the steering

23   wheel; raised his arm with a gun in his hand and moved the gun towards Anderson; brought

24   the barrel of the gun within six to ten inches of Anderson's face. From this testimony and

25   Anderson's other testimony concerning his efforts to prevent Petitioner from shooting him, a

26   rational trier of fact could have found beyond a reasonable doubt that Petitioner committed

27   assault with a semi-automatic firearm on Anderson.

28   ///

1    **III.**    **Ineffective Assistance of Counsel**

2        Petitioner objects to the Report's citation of *Robinson v. Kramer*, 588 F.3d 1212, 1215

3 n.2 (9th Cir. 2009). Petitioner argues that the case does not apply because he never sought to

4 represent himself as the petitioner in that case did. The Report cites *Robinson v. Kramer* for

5 its explanation of a *Marsden* motion — that a judge must permit a criminal defendant

6 requesting substitute counsel the opportunity to present his reasons for the request. *Id.* (citing

7 *People v. Marsden*, 2 Cal. 3d 118, 123-24 (1970)). The citation is appropriate for this purpose.

8 Accordingly, the objection is overruled.

9        Petitioner also objects to the Report's finding that Petitioner failed to show that trial

10 counsel was objectively unreasonable for not introducing the Firearms Analysis Unit Report.

11 *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner claims that the

12 Firearms Report was clear and convincing evidence that could have helped him at trial. This

13 Court disagrees. As noted in the Magistrate Judge's Report, the Firearms Report contains no

14 information about gunshot residue or fingerprints as Petitioner suggests; and to the extent it

15 indicates that none of the bullets found in the Murphy garage positively matched his gun, the

16 prosecutor's criminalist acknowledges this fact in his testimony. Accordingly, Petitioner's

17 objection is overruled.

18        Having conducted a de novo review and considered Petitioner's objections, the Court

19 **ADOPTS** the Report and Recommendation in its entirety. The Petitioner is **DENIED** with

20 prejudice.

21    **IV.**    **Certificate of Appealability**

22        "The district court must issue or deny a certificate of appealability when it enters a final

23 order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A certificate of appealability

24 is authorized "if the applicant has made a substantial showing of the denial of a constitutional

25 right." 28 U.S.C. § 2253(c)(2).

26        When a petitioner's claims have been denied on their merits, as here, a petitioner can

27 meet the threshold "substantial showing of the denial of a constitutional right," by

28 demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court

1   could resolve the issues in a different manner; or (3) that the questions are adequate to deserve

2   encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir.

3   2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880

4   (1983)).  The Court **DENIES** a certificate of appealability because the issues are not debatable

5   among jurists of reason, the Court could not resolve the issues in a different manner, and there

6   are no questions adequate to deserve encouragement.

7                                                     **CONCLUSION**

8         After a de novo review, the Court fully **ADOPTS** Judge Adler's Report.  Petitioner

9   is not entitled to habeas relief and his Petition is **DENIED**.  Petitioner's requests for Stay

10  and Abeyance are **DENIED** as moot.  The Clerk shall close the file.

11

12  **IT IS SO ORDERED.**

13

14  DATED: February 21, 2011

15                                                          Hon. Roger T. Benitez
                                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv817